UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA H. JORDAN, | Case No. 2:18-cv-02717-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

Defendant Bank of America, N.A. moves to dismiss each of plaintiff Jessica Jordan's claims against it. For the following reasons, the court GRANTS the motion.

I. FACTUAL ALLEGATIONS

On July 12, 2007, plaintiff Jessica Jordan obtained a $608,000 loan for property located at 9711 Mindy Lane, Wilton, California 95693. Compl., ECF No. 1-1, ¶¶ 1, 8; Req. Jud. Not. ("RJN"), ECF No. 7-1, Ex. 1. The loan was secured by a deed of trust recorded on July 26, 2007, and that deed of trust identifies Countrywide Home Loans, Inc. as the lender, ReconTrust Company, N.A. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and "a separate corporation that is acting solely as a nominee for [Countrywide] and [Countrywide]'s successors and assigns." Compl. ¶ 8; Ex. 1 at 8−9.[1]

---

[1] All citations to the parties' briefs and exhibits refer to ECF page numbers rather than internal pagination.

On June 6, 2011, Bank of America recorded MERS' assignment of the deed of trust and promissory note to BAC Home Loans Servicing LP, which later merged into Bank of America. Compl. ¶ 9; RJN Ex. 3. Jordan alleges there was no such assignment and the recorded assignment's representations are "false." Compl. ¶ 10. Specifically, Jordan contends that MERS lacked the necessary "interest in the promissory note to be able to assign it" because "MERS was named on the deed in a nominee capacity for Countrywide" but "not mentioned in the promissory note" and "[a]n assignment of a deed alone without the corresponding assignment of the actual note is a nullity." *Id.* Further, Jordan contends that "[e]ven if MERS was named on a promissory note 'in a nominee capacity for Countrywide . . .' and not merely on the deed of trust as it is here, MERS could not assign the note in 2012, as it could not act as nominee for Countrywide . . . years after Countrywide . . . ceased to exist." *Id.* ¶ 11.

On July 5, 2012, Bank of America recorded another assignment, assigning the deed of trust and note to U.S. Bank, National Association, as trustee for the holders of the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 Mortgage Pass Through Certificates. *Id.* ¶ 13; RJN Ex. 4. This, too, was false, Jordan alleges, because "Bank of America had no such interest in the promissory note to be able to assign it to any other person or entity." Compl. ¶ 14. Further, Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 Mortgage Pass Through Certificates stopped accepting new loans as of August 31, 2007, and the purported assignment would have violated the trust's pooling and servicing agreement's "particular cut-off date for the mortgage loans included in the trust, . . . subject[ing] it to penalties," while also violating "the enumerated specific chain of possession the promissory note was to take among the parties to the trust agreement . . . ." *Id.* ¶¶ 16-20.

On September 26, 2012, Bank of America recorded another assignment, again purporting to assign the deed of trust and note to U.S. Bank, National Association, as trustee for the holders of the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 Mortgage Pass Through Certificates. *Id.* ¶ 15; RJN Ex. 5. Jordan alleges this purported assignment was also false. Compl. ¶ 16. Not only did Bank of America lack any interest in the promissory note and thus lack the ability to assign that note, the assignment includes a notarization stating that a Bank of America

representative executed the assignment in Los Angeles County while the document states it was executed in Ventura County. *Id.* Also on September 26, 2012, ReconTrust recorded a notice of default and election to sell under deed of trust, indicating Jordan was $112,628.72 in arrears. RJN Ex. 6.

Jordan accepted a permanent modification offer, which she signed on May 13, 2013, and which was recorded on August 23, 2013. *Id.* Ex. 8. ReconTrust recorded a notice of rescission of its notice of default and election to sell on August 29, 2013. *Id.* Ex. 7.

On June 26, 2015, Nationstar Mortgage LLC ("Nationstar")[2] recorded a substitution of trustee, under which "Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 Mortgage Pass Through Certificates, U.S. Bank, National Association, as Trustee Nationstar Mortgage LLC, as Attorney-in-fact [sic],'" substituted Barrett, Daffin, Frappier, Treder & Weiss LLP ("Barrett, Daffin") as trustee under the deed of trust. Compl. ¶ 21; RJN Ex. 9. Nationstar recorded another such substitution on December 6, 2016, as "attorney-in-fact" for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 Mortgage Pass Through Certificates, U.S. Bank, National Association, as Trustee, again substituting Barrett, Daffin as trustee. Compl. ¶ 22; RJN Ex. 10.

On December 8, 2016, Nationstar recorded a notice of default and election to sell, stating Jordan was $27,703.83 in arrears. Compl. ¶ 23; RJN Ex. 11. The accompanying declaration stated that Nationstar satisfied the California Homeowner Bill of Rights ("HBOR") due diligence requirements by attempting to contact Jordan. Compl. ¶ 23; RJN Ex. 11; *see* Cal. Civ. Code § 2923.5. Jordan disputes that Nationstar provided her with the information required under HBOR. Compl. ¶ 24. Barrett, Daffin recorded a notice of rescission of the notice of default and election to sell on May 18, 2017. RJN Ex. 12.

On April 2, 2018, Nationstar recorded another notice of default and election to sell, stating Jordan was $31,550.83 in arrears. Compl. ¶ 25; RJN Ex. 13. This notice again stated that Nationstar satisfied HBOR's due diligence requirements, which Jordan again disputes. Compl.

---

[2] Although Jordan alleges Nationstar recorded multiple documents at issue here, the judicially noticeable documents indicate recording was requested by "TITLE 365." Compl. ¶ 21−23; RJN Ex. 9−11.

¶¶ 25−26. On August 8, 2018, Jordan found a notice of trustee's sale taped to her home's front door, which stated a trustee's sale was scheduled for September 7, 2018. *Id.* ¶ 27; RJN Ex. 14 (notice of trustee's sale recorded August 3, 2018). After filing this suit in state court, on September 6, 2018, Jordan obtained a temporary restraining order on the trustee's sale. ECF No. 1-1 at 55−57 (granting Jordan's ex parte request for a temporary restraining order "solely on the ground that a showing ha[d] been made, unrebutted, that [defendants] have not complied with [section] 2923.5"). Before the state court heard Jordan's motion for a preliminary injunction, Nationstar removed the action to this court. Removal Not., ECF No. 1.

Jordan's complaint includes the following six claims: (1) declaratory relief, (2) cancellation of instruments, (3) slander of title, (4) violation of California Civil Code section 2923.5 (formerly § 2923.55), (5) violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, et seq., (6) negligence and negligence per se, and (7) violation of California Business & Professions Code section 17200 ("UCL"). Jordan brings her fourth claim against Nationstar alone. Jordan brings the balance of her claims against both Nationstar and Bank of America. Bank of America now moves to dismiss each of Jordan's six claims against it. Mot., ECF No. 7. Jordan opposes, Opp'n, ECF No. 10, and Bank of America has replied, Reply, ECF No. 13. The court submitted the motion after oral argument and resolves it here.

II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than

4

"an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III.  JUDICIAL NOTICE

Bank of America requests the court take judicial notice of sixteen documents, which, with the exception of documents filed in Jordan's bankruptcy action, are referred to in Jordan's complaint. *See* RJN. Jordan "does not dispute that this court may take judicial notice of the existence of recorded documents, as well as the dates that those documents were recorded," but argues "the court may not take judicial notice of the contents of those documents." Opp'n to RJN, ECF No. 11.

/////

1    The court need not rely on the bankruptcy filings, Exhibits 15 and 16, and therefore DENIES the request for judicial notice as to those documents. The court GRANTS the request as to the balance of exhibits, which are matters of public record that Jordan expressly refers to and relies on in her complaint. The court notes that Jordan asserts only a generalized objection to the court's taking notice of the contents of these records, largely without providing the court with any basis for concluding the contents are in dispute. Nonetheless, because the court need not and does not rely on the content of any documents here, it also need not determine whether it is obligated to honor Jordan's largely unsupported request by making fine distinctions to clarify what is noticed and what not.

IV.    DISCUSSION

Noting that Nationstar, not Bank of America, allegedly is pursuing foreclosure of Jordan's property and that "[t]he crux of the Complaint is that the current foreclosure process . . . is improper because the Loan was never properly assigned[,]" Bank of America argues Jordan "lacks standing to pursue the argument that MERS and [Bank of America] had no authority to assign the beneficial interest in the Deed of Trust." Mot. at 10. For that reason, Bank of America contends each of Jordan's claims against it must be dismissed with prejudice. *Id.* at 12−19. Bank of America further contends Jordan should be judicially estopped from pursuing her claims because she failed to adequately disclose them in her prior bankruptcy proceedings. *Id.* at 20−21. Finally, Bank of America challenges each of Jordan's claims against it on the merits. *Id.* at 21−28. The court addresses these arguments as necessary below.

A.    Standing

In *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 923−24 (2016), the California Supreme Court held that a homeowner's allegation that an "assignment was void, and not merely voidable at the behest of the parties to the assignment, will support an action for wrongful foreclosure." The state Court's "narrow" ruling expressly did not "suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Id.* at 924. Here, Jordan's suit is premised on her "questioning

/////

the foreclosing party's right to proceed," and the controlling question is whether she has standing to pursue that suit. *See id.*

In the wake of *Yvanova*, and drawing on "longstanding precedent," many California courts and federal courts sitting in diversity have held, "[a]s a general rule, California does not allow preemptive challenges to the authority to foreclose, 'because [such challenges] would result in the impermissible interjection of the courts' into California's nonjudicial foreclosure regime." *See, e.g.*, *Wasjutin v. Bank of Am., N.A.*, 732 F. App'x 513, 516–17 (9th Cir. 2018) (alterations in original) (quoting *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (2016), *review denied*, (July 13, 2016); citing *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 513 (2013), *as modified* (June 12, 2013), *and disapproved of on other grounds by Yvanova*, 62 Cal. 4th at 939 n.13). Other courts, however, predict that the California Supreme Court will bar pre-foreclosure challenges to a foreclosing entity's authority only insofar as those challenges lack a "specific factual basis." *See, e.g.*, *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423, at *10−13 (N.D. Cal. Mar. 17, 2016) (predicting California Supreme Court will extend *Yvanova*'s reasoning to pre-foreclosure suits, barring such suits only where "pre-foreclosure plaintiffs [] lack any 'specific factual basis' for bringing their claims"); *Brewer v. Wells Fargo Bank, N.A.*, No. 16-CV-02664-HSG, 2017 WL 1315579, at *3 (N.D. Cal. Apr. 6, 2017) (adopting *Lundy* and collecting cases).

This court joins the majority of courts that have found California law does not permit a preemptive action to challenge a foreclosing party's authority to pursue foreclosure. Jordan's claims for declaratory relief, cancellation of instruments and slander of title each constitute such a challenge. *See* Compl. ¶¶ 8−35 (alleging improper assignments of deed of trust, requesting permanent injunction of "looming foreclosure proceedings" and seeking judicial determination that defendants lack "any present rights to the [property]"); *id.* ¶¶ 36−40 (seeking cancellation of assignments of deed of trust to prevent "serious injury . . . because [d]efendant N[ationstar] has scheduled a nonjudicial foreclosure . . . under color of authority provided by those instruments"); *id.* ¶¶ 41−46 (alleging substitutions of trustees, notice of default and notice of trustee's sale "disparaged [Jordan's] title" and "[a]s a proximate cause . . . [Jordan's] personal residence is

scheduled to be sold by trustee's sale . . . ."). Accordingly, Bank of America's motion to dismiss each of these claims is GRANTED, and the court dismisses these claims without leave to amend. *See, e.g.*, *Perez v. Mortg. Elec. Registration Sys., Inc.*, No. 3:17-CV-04880-JD, 2018 WL 3109599, at *2 (N.D. Cal. June 25, 2018) (holding *Saterbak* required dismissal of plaintiffs' claims for "declaratory relief, quiet title, and cancellation of instruments" because each claim was "predicated on the theory that plaintiffs may challenge the assignment of the deed of trust . . . before any foreclosure proceedings are under way").

B.  California Fair Debt Collection Practices Act

Jordan alleges Bank of America violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code section 1788 et seq. Jordan has not stated a claim under the RFDCPA. Several of her allegations are derivative of her HBOR claims asserted against Nationstar and thus cannot survive as to Bank of America, against which she does not assert HBOR claims. *See* Compl. ¶¶ 56–57. The balance of her RFDCPA allegations simply recite the RFDCPA's language and thus lack the factual allegations necessary to put Bank of America on notice of her claims and to allow this court to determine the sufficiency of her allegations. The RFDCPA claim is DISMISSED, but with leave to amend if Jordan is able to amend while complying fully with Federal Rule of Civil Procedure 11.

C.  Negligence and Negligence Per Se

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Thus, "absent special circumstances . . . a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).

/////

Here, Jordan attempts to establish Bank of America owed her a duty of care by analogizing Bank of America's role to that of a servicer's "in handling a loan modification application once it has undertaken to review it." Opp'n at 7. The comparison is inapt, and the court is not persuaded that Bank of America's duty to "maintain proper records and provide accurate information about loans as well as not record assignments . . . when no such assignments occurred" exceeds Bank of America's conventional role as a lender of money. *See* Compl. ¶ 68. Jordan's argument that the "HBOR violations . . . alleged in [her] complaint also establish the breach and duty under a negligence per se theory" is unpersuasive, particularly because, as noted above, Jordan has not alleged that Bank of America violated HBOR. *See* Opp'n at 7. This claim is DISMISSED, with leave to amend if possible.

D. California UCL (Unfair Competition)

In addition to largely repeating section 17200's statutory language without concrete factual allegations, Jordan alleges she "lost money and property as a result of these unlawful, unfair, and fraudulent practices." Compl. ¶¶ 80–85. These allegations do not suffice, particularly where Jordan "do[es] not allege that [she] would be relieved of [her] payment obligations under the deed of trust if [Bank of America] had not recorded documents as it did," or otherwise "explain how any economic injury [she] suffered was caused by Bank of America." *See Williams v. Bank of Am., N.A.*, 701 F. App'x 626, 629 (9th Cir. 2017); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011). This claim cannot proceed without the necessary causal connection between Bank of America's alleged actions and Jordan's alleged financial injury. *See Williams*, 701 F. App'x at 629 (citing *In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) (finding plaintiffs' property "would have been foreclosed regardless of the alleged deficiencies in the timing of the assignments of the DOT and Substitution of Trustee")). This claim is DISMISSED with leave to amend if possible.

/////
/////
/////
/////
/////

V.   CONCLUSION

Bank of America's motion to dismiss is GRANTED in full. Jordan may file an amended complaint consistent with this order within 21 days.

IT IS SO ORDERED.

DATED: July 3, 2019.

_____
UNITED STATES DISTRICT JUDGE