UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA H. JORDAN, | No. 2:18-cv-02717-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA, et al., | |
| Defendants. | |

This case, arising out of defendants' attempted foreclosure of plaintiff's property, was filed in state court and removed to federal court on the basis of diversity jurisdiction. Defendant Nationstar, now the only remaining defendant, moves to confirm that the temporary restraining order entered by the state court prior to removal is no longer in effect. The court GRANTS the motion, as explained below.

I.  PROCEDURAL BACKGROUND

According to the parties' representations and state court records provided in defendant Nationstar's Notice of Removal, ECF No. 1, the state court entered its temporary restraining order after the following events:

On September 5 or 6, 2018, plaintiff filed an ex parte application for a temporary restraining order and issuance of an order to show cause regarding a preliminary injunction to halt

1

the foreclosure sale of her home.  Mot., ECF No. 20, at 10 (citing Not. of Removal ("Not."), ECF No. 1, at 36–45 (ex parte application noticed for hearing September 6, 2018)).  On September 6, 2018, plaintiff served Nationstar with a copy of the complaint.  *Id.*; Not., Ex. 1, ECF No. 1-1 at 3.  The Superior Court for the County of Sacramento granted plaintiff's request for a temporary restraining order that same day, September 6, 2018.  Temporary Restraining Order ("TRO"), ECF No. 1-1, at 55–57.  The parties dispute whether Nationstar had notice of plaintiff's request and an opportunity to oppose it.  *See* Mot. at 10–11 ("Nationstar did not have an opportunity to appear and oppose the TRO"); Opp'n at 2 ("[T]he court's order also stated that Nationstar was indeed provided with notice of Plaintiff's ex parte application for the temporary restraining order."); TRO at 56 ("THE COURT FINDS Defendants were informed of the date, time and place of [sic] the Ex Parte Application for Temporary Restraining Order . . . would be heard.").  Regardless, the state court's order granted a "temporary" injunction, which, by its terms, would remain in effect only until the court held a hearing and determined whether to issue a preliminary injunction for the pendency of the case.  TRO at 56 ("THE COURT ORDERS UNTIL THE HEARING ON THE ORDER TO SHOW CAUSE as set forth above or as may be continued by order of this court, Defendants . . . are enjoined and prohibited from conducting a trustee's sale of the real property located at 9711 Mindy Lane, Wilton, CA 95693.").

        The state court set a September 28, 2018 hearing on the preliminary injunction, which was later extended to November 28, 2018.  *See* TRO at 56 (ordering defendants to appear on September 28, 2018 "to give any legal reason why an injunction prohibiting the Trustee's Sale . . . should not be granted during the pendency of this action"); Not. at 64 (Order Granting Joint Stipulation to Continue Hearing to September 28, 2018).  Nationstar removed the action to federal court on October 9, 2018, before the hearing could occur.  Not. at 6.  Once removed, neither party requested a hearing on whether a preliminary injunction should issue, nor moved for another temporary restraining order or a preliminary injunction.

        Defendant Nationstar now asks the court to confirm that no temporary restraining order is in place or, in the alternative, to dissolve any temporary restraining order enjoining the sale of the property at 9711 Mindy Lane in Wilton, California.  Mot. at 11.  Plaintiff opposes, ECF No.

2

22, and Nationstar has replied, ECF No. 27. The court submitted the matter without oral argument, ECF No. 25, and resolves it here.

II. DISCUSSION

Nationstar argues the TRO issued by the state court in this action dissolved automatically under Federal Rule of Civil Procedure 65(b). Rule 65(b) governs the procedure of temporary restraining orders once a case is in federal court. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 441 (1974). It states, in relevant part:

> (b) Temporary Restraining Order.
>
> . . . .
> (2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued . . . . The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65.

In *Granny Goose Foods*, the Supreme Court considered the effect of Rule 65's time limit on an ex parte TRO issued in state court before removal. The Court held:

> An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.

*Id.* at 439–40. Specifically, the Court held that an ex parte TRO entered in state court dissolves automatically after the 14-day time limit[1] passes without a hearing on the preliminary injunction, calculated from the date of removal. *Id.* at 440.

It is unclear whether the state court issued the TRO at issue here "without notice," such that *Granny Goose* would be directly applicable. However, the Court in *Granny Goose* did not conduct any inquiry as to whether notice was actually effectuated, simply referring to the TRO at issue there as "ex parte." *See id.* at 427, 440. Here, plaintiff's application for a

---

[1] At the time *Granny Goose* was decided, Rule 65(b) imposed a 10-day, rather than 14-day time limit. *See* Rule 26 advisory committee note, 2009 amendment.

3

temporary restraining order states that the application is being made "ex parte" and plaintiff's counsel's accompanying declaration states there was "insufficient time" to bring a "noticed motion for injunctive relief." TRO Application, ECF No. 1-1, at 40. However, counsel's declaration also states that he provided "telephonic notice of the ex parte application for a temporary restraining order" to Nationstar on September 5, 2018 by calling the company's customer service contact number on its website. Smart Decl. ¶ 3, ECF No. 1-1 at 46–48. The Nationstar employee with whom counsel spoke "asked that [counsel] send any ex parte documents to NATIONSTAR's legal department[,]" which counsel claims to have done. *Id.* ¶¶ 3, 5. Furthermore, as noted above, in the TRO itself the state court found that "Defendants were informed of the date, time and place of [sic] the Ex Parte Application for Temporary Restraining Order . . . would be heard." TRO at 56.

It is unnecessary for the court to determine whether defendants received notice and an opportunity to be heard, because, regardless, no preliminary injunction hearing was ever held nor did any court issue a preliminary injunction with the requisite findings to supersede the TRO as contemplated by the Federal Rules. In *Granny Goose*, the Court analyzed whether the district court's denial of defendant's motion to dissolve the TRO effectively converted the ex parte TRO into a preliminary injunction of unlimited duration. In finding that it did not, the Court explained:

> The fact that notice is given and a hearing held cannot serve to extend indefinitely beyond the period limited by [Rule 65(b)] the time during which a temporary restraining order remains effective. The [Rule] contemplates that notice and hearing shall result in an appropriate adjudication, i.e., the issuance or denial of a preliminary injunction, not in extension of the temporary stay.

415 U.S. at 434–44 (alterations in original) (quoting *Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842 (1962)). The Court concluded the TRO at issue expired automatically after 10 days, the duration set by the Rules at the time, despite defendant's eventually receiving notice and an opportunity to be heard on the merits. *Id.* at 442–443. The Court noted this construction of Rule 65(b) is necessary to prevent a system whereby "parties against whom an injunction is directed are left to guess about its intended duration." *Id.* at 444. Rather, "[w]here a court intends to supplant such an order with a preliminary injunction of

4

unlimited duration pending a final decision on the merits or further order of the court," the Court concluded, "it should issue an order clearly saying so. And where it has not done so, a party against whom a temporary restraining order has issued may reasonably assume that the order has expired within the time limits imposed by Rule 65(b)." *Id.* at 445.

Here, neither this court nor the state court, which was still presiding over the case fourteen days after it granted the TRO, "issue[d] an order clearly saying" it intended to "supplant [the TRO] with a preliminary injunction of unlimited duration" pending resolution of this case. Accordingly, the court finds that, even assuming defendants received notice and an opportunity to be heard on plaintiff's ex parte application for a temporary restraining order, the state court's TRO has dissolved automatically since the case was removed.

The court need not decide precisely when the TRO dissolved. Several courts, while recognizing a TRO cannot be of unlimited duration, have imposed a time limit of double the limit in Rule 65, based on Rule 65(b)'s language that a TRO can be extended "for good cause" for an additional period once the initial time limit has expired. *See Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006) ("The proper interpretation of the 'without notice' language in Rule 65(b) is that the rule imposes *additional* restrictions on temporary restraining orders issued without notice, but imposes the 20-day limitation on *all* TROs.") (emphases in original); *see also H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012) ("In our view, the language of Rule 65(b)(2) and the great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party, regardless of whether the TRO was issued with or without notice."); *but see, e.g., W. Watersheds Project*, 391 F. Supp. 3d 1002, 1007 n.5 (D. Or. 2019) (finding that "[w]hen a TRO is issued with notice and after a hearing [] the 14-day limit for such orders issued without notice does not apply . . . . [n]evertheless absent consent of the parties, [a] court may not extend a 'TRO' indefinitely, even upon notice and a hearing" and "should schedule a preliminary injunction hearing to occur not later than 28 days after the date that the court first issues a TRO") (internal quotation marks and citation omitted). Over a year has passed since this case was removed on October 9,

1 | 2018. Accordingly, the court finds the TRO issued by the state court before the case was removed has since dissolved.

This finding does not leave plaintiff without recourse to prevent the sale of her property pending the resolution of this suit. Plaintiff is still free to move for a preliminary injunction, if she is able to do so while complying fully with Federal Rule of Civil Procedure 11. The court will address the merits of such a motion, which the parties discuss at length in their papers here, if and when such a motion is filed.

III. CONCLUSION

Defendant Nationstar's motion to confirm that no TRO is in place is GRANTED. The court need not address Nationstar's motion in the alternative to dissolve the TRO. Because the court has not addressed Nationstar's arguments regarding its motion to dissolve the TRO, the court DENIES its related request for judicial notice and its evidentiary objections as moot.

This order resolves ECF No. 20.

IT IS SO ORDERED.

DATED: January 22, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE