UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA H. JORDAN,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>    Defendants. | No. 2:18-cv-02717-KJM-AC<br><br><br>ORDER |

    Plaintiff alleges Nationstar serviced her mortgage loan and made false statements to plaintiff related to the loan modification process, drawing out the loan modification application process, and threatened plaintiff with foreclosure four times. Defendant now moves to dismiss plaintiff's first amended complaint. As explained below, the court GRANTS the motion IN PART with respect to plaintiff's claims under the California Civil Code section 2923.5 (formerly § 2923.55), and negligence and negligence per se and DENIES the motion IN PART as to plaintiff's claims under the California Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, et seq., and violation of California Business & Professions Code section 17200 Unfair Competition Law ("UCL"). Furthermore, the court STRIKES plaintiff's claims for declaratory relief and slander of title.

1

I.  BACKGROUND

The court set forth the relevant facts in its order on the defendant's first motion to dismiss and incorporates them by reference here. Order, ECF No. 26.

In that order, the court dismissed plaintiff's claims for declaratory relief, cancellation of instruments and slander of title, without leave to amend. *Id.* The court notes the plaintiff includes these claims in her first amended complaint. The court dismissed plaintiff's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claims under California Civil Code section 1788 et seq., with leave to amend. In its order on the first motion to dismiss, the court explained that the first amended complaint should clearly make factual allegations necessary to put defendant on notice of plaintiff's claims and to allow this court to determine the sufficiency of her allegations. *Id.* The court dismissed plaintiff's Negligence and Negligence Per Se claims with leave to amend if possible. *Id.* The court also dismissed plaintiff's claim under California Business & Professions Code section 17200 Unfair Competition Law ("UCL") with leave to amend if possible. *Id.* The court explained this latter claim could not proceed without the necessary causal connection between defendant's alleged actions and plaintiff's alleged financial injury. *Id.*

In her first amended complaint ("FAC"), plaintiff now alleges six claims, including claims for declaratory relief and slander of title despite the court's prior dismissal of these claims without leave to amend: (1) declaratory relief, (2) slander of title, (3) violation of California Civil Code section 2923.5 (formerly § 2923.55), (4) violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, et seq., (5) negligence and negligence per se, and (6) violation of California Business & Professions Code section 17200 ("UCL"). FAC, ECF No. 31. Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper, (Nationstar) moves to dismiss each of plaintiff Jessica H. Jordan's claims in her first amended complaint. Mot., ECF No. 39. Plaintiff opposed defendant's motion to dismiss. Opp'n, ECF No. 47. Defendant replied to the opposition. Reply, ECF No. 50. Given the court's prior dismissal of the declaratory relief and slander of title claims without leave to amend, it need not

reach the merits of defendant's motion regarding those claims, which the court STRIKES from plaintiff's first amended complaint.

The court also does not reach the merits of the motion as directed to plaintiff's claims under the California Civil Code section 2923.5, negligence and negligence per se; because plaintiff has simply included them again here without curing the deficiencies identified in the court's prior order, ECF No. 26, they are DISMISSED now without leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint....'") (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

Defendant has also filed a request for judicial notice (ECF. No. 41). The court need not consider the documents covered by the request in resolving the pending motion and so declines to consider any exhibits beyond the complaint.

II. <u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CLAIM 4)</u>

Defendant seeks dismissal of plaintiff's claim under the Rosenthal Act on the basis that plaintiff's first amended complaint fails for lack of specificity. Reply at 2, 6-7. In other words, it says that plaintiff has failed to plead any conduct that was not part of the ordinary foreclosure process. *Id.* Plaintiff asserts that "the definition of 'debt collector' in the Rosenthal Act applies to home loan servicers who engage in debt collection practices in attempting to obtain repayment of home loan debt." Opp'n at 6-7. Plaintiff relies on *Davidson v. Seterus, Inc*., 21 Cal. App. 4th, 283, 284 (2018), where the court held that the Rosenthal Act, like other "civil statutes [,] for the protection of the public are, generally, broadly construed in favor of that protective purpose." (quoting *People ex rel. Lungren v. Superior Court* 14 Cal.4th 294, 313 (1996)). Opp'n at 6-7. In reply, defendant argues that "[t]he conduct at issue in *Davidson* was allegedly abusive telephone calls, not the act of foreclosure" and the *Davidson* court recognized "an exemption" for defendant as "a trustee under a deed of trust." Reply at 6.

/////

Plaintiff has pleaded conduct distinct from the ordinary foreclosure process. Specifically, plaintiff pleads that defendant used "false, deceptive and misleading statements in connection with their [sic] efforts to collect on a note and deed of trust."[1] FAC ¶ 80. Plaintiff alleges that "[s]tarting in 2013, Nationstar threatened Plaintiff with foreclosure four times." *Id.* ¶ 49. Plaintiff asserts she had been paying the homeowner's insurance and property taxes and "was paid current" when defendant "began servicing her loan" and "paid for Plaintiff's homeowner's insurance and property taxes through an escrow account" because it was "[Nationstar's] practice." *Id.* ¶¶ 41-44. Plaintiff's allegations are similar to those other courts have found sufficiently allege debt collection activities beyond the scope of the ordinary foreclosure process under the Rosenthal Act. *See, e.g.*, *Walters v. Fidelity Mortg. of CA*, 730 F.Supp.2d 1185, 1203 (E.D. Cal. 2010) ("plaintiff's claim arises out of debt collection activities beyond the scope of the ordinary foreclosure process" where "the gravamen of plaintiff's claim is that [loan servicer] engaged in a pattern of improper misconduct in the course of servicing her loan"). Defendant's reliance on this court's decision in *London v. Wells Fargo Bank, N.A.*, 2018, No. 2:17-cv-00687-KJM, 2018 WL 621262, at *8 (E.D. Cal. Jan. 29, 2018), is misplaced. This decision was superseded by *London v. Wells Fargo Bank, N.A.*, 2018, No. 2:17-cv-00687-KJM, slip op. at 4 (E.D. Cal. Sept. 5, 2018), in which the court found plaintiff's "alleged debt collection practices by Wells Fargo [were] sufficient to withstand a motion to dismiss." *Id.*

Plaintiff also pleads similar allegations to those at least one other court has found persuasive under the Rosenthal Act. In *Schrupp v. Wells Fargo Bank, N.A.*, No. 2:16-00636 WBS KJN, 2016 WL 3753326, at *7 (E.D. Cal. July 13, 2016), the court reasoned multiple allegations in plaintiff's complaint showed Wells Fargo "engaged in conduct beyond enforcing the original deed of trust." *Id.* For instance, the plaintiff had alleged Wells Fargo made "false, deceptive, or misleading" statements to plaintiff about providing him a loan modification if he made trial period plan payments. *Id.* And plaintiff alleged Wells Fargo used "unfair or

---

[1] Nationstar Mortgage LLC is the only remaining defendant in this case. The court notes that any reference to another party previously named as a defendant is for background information only.

unconscionable means to collect the debt" when it "provided mixed messages about whether the rejection of the modified payment in January 2012 was an error." *Id.* The court held plaintiff had "stated a plausible claim under the Rosenthal Act" and denied Wells Fargo's motion to dismiss. *Id.*

Here, plaintiff has pleaded defendant "were 'debt collectors' [sic] engaging in 'debt collection' practices" under the Rosenthal Act. FAC ¶ 49. Starting in 2013, plaintiff alleged she paid "approximately $25,000" to reinstate the loan. *Id*. The second time, she made a "$21,000 payment to Nationstar to avoid foreclosure." *Id.* The third time, in 2015, "Plaintiff borrowed $14,000 from a family member to reinstate." *Id.* Plaintiff also alleges she contacted defendant's "settlement monitor, Michael Bresnick" who "repeatedly indicated the possibility to Plaintiff of receiving relief in the form of a loan modification" because she "met the criteria for providing one." *Id.* ¶¶ 51-52. The court finds these allegations similar to those in *Schrupp*, 2016 WL 3753326, at *7.

Defendant relies on cases that stand for the general proposition that "foreclosure pursuant to a deed of trust does not constitute debt collection under the [Rosenthal Act]" (Reply at 6) which does not address the conduct at issue here: conduct distinct from the ordinary foreclosure process. *See, e.g., Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010*); Morgera v. Countrywide Home Loans, Inc.*, No. 209CV01476MCEGGH, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010). The court is not persuaded by these cases. In *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011), the court rejected the contention that defendant Wells Fargo, as a mortgage servicer, was not a debt collector under the Rosenthal Act. 2011 WL 30759, at *19-20. Although the *Reyes* court, as have many other district courts, reasoned the foreclosure process alone was "not actionable" under the Rosenthal Act, the court found allegations there were based "not on the mere act of foreclosure but rather, on allegedly deceptive statements" that were "beyond the scope of the ordinary foreclosure process." *Id.* at 20. The court finds the *Reyes* court's reasoning persuasive.

/////

5

Defendant's attempt to distinguish *Davidson v. Seterus, Inc*., 21 Cal. App. 5th, 283 (2018), as not involving the act of foreclosure, but rather allegedly abusive telephone calls, is unavailing. *See* Reply at 6-7; *see also Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 885 (9th Cir. 2013), *amended on reh'g in part* (9th Cir. 2013) ("The district court, while dismissing the claim on other grounds, correctly recognized that Wells Fargo was engaged in debt collection"). Here, plaintiff's allegations fall under the statutory definition of "debt collection" under the Rosenthal Act. Under the Rosenthal Act, "debt collection" is "any act or practice in connection with the collection of consumer debts." Cal. Civ. Code § 1788.2(b). "Consumer debt" is "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *Id.* § 1788.2(f). And a "consumer credit transaction" is "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." *Id.* § 1788.2(e). Where the claim arises out of debt collection activities "beyond the scope of the ordinary foreclosure process," a remedy may be available under the Rosenthal Act. *Reyes*, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (citing *Walters v. Fidelity Mortgage of California, Inc.,* 2010 WL 3069341, at *15 (E.D. Cal. Aug. 4, 2010) (mortgage servicer that regularly billed plaintiff and collected payments on her mortgage debt was "debt collector" under Rosenthal Act and that plaintiff stated claim under the Act based on allegation that mortgage servicer engaged in pattern of improper conduct ultimately resulting in foreclosure). Further, a "debt collector's failure to comply with 'any provision' of the federal FDCPA is sufficient to establish liability under that statute (and, by extension, California's Rosenthal Act)". *Herrera v. LCS Fin. Servs. Corp.*, No. C09-02843 TEH, 2009 WL 5062192, at *4 (N.D. Cal. Dec. 22, 2009).

Plaintiff has alleged this case involves modification of her homeowner's mortgage loan "on the real property commonly known as 9711 Mindy Lane, Wilton, CA 95693." FAC ¶ 1. To survive dismissal, plaintiff needs only to plead a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Plaintiff has alleged debt collection practices by defendant sufficient to withstand a motion to dismiss.

The court DENIES defendant's motion to dismiss plaintiff's fourth claim for violations of the Rosenthal Act.

III.   UNFAIR COMPETITION LAW (CLAIM 6)

Defendant contends this claim fails as a matter of law because plaintiff has not suffered any injury in fact and therefore lacks standing under California's Unfair Competition Law ("UCL"). Reply at 9 (citing FAC ¶¶ 113-115, 118). Defendant also argues, "Even if Plaintiff's allegations were sufficient for a determination that she has standing, . . . she fails to allege conduct by Nationstar that violated a statute, was 'false and deceptive' or which was likely to deceive the public" *Id.* at 9-10. According to defendant, plaintiff's claim fails to allege any of the three statutory prongs sufficiently to state a UCL claim. *Id.*

Defendant argues, "Plaintiff's allegation that attorney's fees qualify as 'damages' under the UCL is simply wrong." Reply at 9. Defendant relies on a summary judgment case, *Tamburri v. SunTrust Mortg., Inc.,* No. C-11-02899-DMR, 2013 WL 4528447, at *10 (N.D. Cal. Aug. 26, 2013), in which the standard is not the same as that applicable to plaintiff's UCL claim here, because the court in resolving the pending motion does not consider the ultimate question "whether a practice is deceptive" if the pleadings are adequate. *See Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011) ("California case law clearly establishes that a UCL violation for fraudulent business practices is distinct from common law fraud and does not require a plaintiff to plead and prove the elements of a tort."); *London*, 2018, No. 2:17-cv-00687-KJM, 2018 WL 621262, at *8 ("In any event, whether a business practice is deceptive is usually a question of fact not appropriate for decision on a motion to dismiss").

In opposition, plaintiff contends her "allegations of substantive statutory violations of the HBOR and RFDCPA are sufficient" to proceed on a claim of unlawful business act or practice under the UCL. Opp'n at 10. For the reasons stated above, the court has found that the first amended complaint alleges sufficient facts to show a violation of the Rosenthal Act. Therefore, the first amended complaint also states a claim under the UCL to the extent that claim is based on defendant's alleged violation of the Rosenthal Act. *See Reyes*, 2011 WL 30759, at *21 (citing *People v. McKale,* 25 Cal.3d 626 (1979)).

7

A claim for unfair competition under California's UCL law may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "[O]ut-of-pocket expenses or money spent [is] a financial harm that constitute[s an] 'injury in fact' for purposes of standing under the UCL and in federal court." *Janti v. Encore Capital Grp., Inc.*, No. 09CV1969 JLS (CAB), 2010 WL 3058260, at *7 (S.D. Cal. Aug. 3, 2010) (quoting *Troyk v. Farmers Group, Inc.* 171 Cal. App. 4th 1305, 1346 (2009)); *see also Khan v. K2 Pure Sols.*, *LP*, No. 12-CV-05526-WHO, 2013 WL 6235572, at *3 (N.D. Cal. Dec. 2, 2013) ("[T]he Court remains persuaded that the attorney's fees the plaintiffs expended in defending against K2's lawsuits is [sic] sufficient to give them standing under the UCL").

Plaintiff sufficiently pleads her UCL claim, correcting the deficiencies in the original complaint. *See* ECF No. 26. Plaintiff alleges defendant "engaged in 'unfair' practices under the UCL by making the false statements to plaintiff related to the loan modification process, adding fees to the loan balance that were unwarranted after purposefully drawing out the loan modification application process and proceeding with foreclosure." FAC ¶ 115. Plaintiff alleges similar facts to those in *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 805 (2013). There, the California Court of Appeal held plaintiff's allegations, which included that defendant bank "made misrepresentations regarding a borrower's right and ability to challenge the bank's calculation of the [net present value]," "made misrepresentations about pending foreclosure sales" and "wrongfully had trustee's sales conducted when the borrower was in compliance with a [trial payment plan]," were sufficient to allege the defendant bank "engaged in unfair business practices under any of the three definitions." *Id.* Defendant's assertion here that "Plaintiff's attempt to attribute purported 'harm to her credit'" "after she filed two bankruptcies" is "unreasonable in the extreme," Reply at 8, does not undercut plaintiff's allegations of post-bankruptcy payments. *See* FAC ¶ 49. The court finds that plaintiff has standing based on her payments to defendant and that plaintiff states a claim based on her allegations of unfair, unlawful and fraudulent business practices.

The court DENIES defendant's motion to dismiss plaintiff's sixth claim under the UCL.

IV. <u>CONCLUSION</u>

The court STRIKES plaintiff's claims for declaratory relief and slander of title. The motion is GRANTED IN PART as to plaintiff's third claim under California Civil Code section 2923.5 (formerly § 2923.55), and fifth claim for negligence and negligence per se, without leave to amend for failure to correct the deficiencies previously explained. *See* Order, ECF No. 26 at 6-9. The motion is DENIED IN PART as to plaintiff's fourth claim for violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, et seq., and sixth claim for violation of California Business & Professions Code section 17200, California's Unfair Competition Law ("UCL"). Defendant shall file an answer to the claims that survive within fourteen (14) days.

This order resolves ECF No. 39.

IT IS SO ORDERED.

DATED: January 24, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE